UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAURO ENRIQUE LLOPIZ ESTRADA, | No. 1:26-cv-04120-DJC-SCR |
| Petitioner, | |
| v. | ORDER |
| WARDEN, et al., | |
| Respondents. | |

Petitioner Isauro Enrique Llopiz Estrada is an immigration detainee proceeding under an Amended Petition for Writ of Habeas Corpus.  The Court directed respondent to file a Return to the Amended Petition under 28 U.S.C. § 2243.  (ECF No. 7.)  Respondents have now responded to the Court's order and Petitioner has filed a reply.  (Opp'n (ECF No. 8); Reply (ECF No. 9).)

Petitioner, who was originally born in Cuba, is presently in the custody of Immigration and Customs Enforcement ("ICE").  (Opp'n at 2; Mears Decl. (ECF No. 8-1) ¶ 7.)  Petitioner was ordered removed in 2004.  (Opp'n at 2; Mears Decl. ¶ 12.)  Petitioner had remained out of custody until October 2025 when Petitioner was re-detained by ICE.

Respondents assert that Petitioner's present detention is permitted under 8 U.S.C. § 1231(a)(6).  Respondents are incorrect in applying that provision here.

1

Subsection (a)(6) permits continued detention for certain individuals who are already detained "beyond the removal period[.]"  8 U.S.C. § 1231(a)(6).  It does not provide a legal basis to re-detain an individual who has already been released after it was determined that removal was not foreseeable.

Where a noncitizen subject to a final order of removal has been released, revocation of that release is governed by 8 C.F.R. § 241.13(i).  *See Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *3 (E.D. Cal. July 16, 2025).  Section 241.13(i)(2) provides that revocation of release is permissible "if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future."  The Court may not, in the first instance, make an individualized finding that a change in circumstances has occurred.  *See Hoac*, 2025 WL 1993771, at *3.  "[W]hen ICE revokes release to effectuate removal, it is ICE's burden to show a significant likelihood that the alien may be removed."  *Vu v. Noem*, No. 1:25-cv-01366-KES-SKO, 2025 WL 3114341, at *5 (E.D. Cal. Nov. 6, 2025) (cleaned up) (quoting *Escalante v. Noem*, No. 9:25-cv-00182-MJT, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025)); *see Nguyen v. Charles*, No. 1:25-cv-01592-TLN-CSK, 2025 WL 3492117, at *3 (E.D. Cal. Dec. 4, 2025).  Where ICE has made a determination that a change of circumstances has occurred, the Court reviews that claim in light of the factors described in 8 C.F.R. § 241.13(f).  *See Hoac*, 2025 WL 1993771, at *3.  These factors include, but are not limited to:

> [T]he history of the alien's efforts to comply with the order of removal, the history of the Service's efforts to remove aliens to the country in question or to third countries, including the ongoing nature of the Service's efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, and the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question.

8 C.F.R. § 241.13(f).

2

As Respondents addressed the incorrect statutory provision, Respondents are HEREBY ORDERED TO SHOW CAUSE on or before July 9, 2026, why the Court should not order Petitioner released based on Respondents' inability to establish that there is a significant likelihood that Petitioner will be removed to a third country is in the reasonably foreseeable future.[1]  Petitioner may file a Reply on or before July 13, 2026.

IT IS SO ORDERED.

Dated:   **July 6, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

---

[1] Respondents do note in their Opposition that Petitioner has refused to cooperate in enabling removal to a third country.  (Opp'n at 2–3.)  This may be relevant information but is not, on its own, determinative of whether re-detention is permissible.

3