UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAURO ENRIQUE LLOPIZ ESTRADA,<br>Petitioner,<br>v.<br>WARDEN,<br>Respondent. | No. 1:26-cv-04120-DJC-SCR<br><br><u>RELEASE ORDER</u><br>A# 039-283-815 |

Petitioner Isauro Enrique Llopiz Estrada is a noncitizen detainee proceeding under an Amended Petition for Writ of Habeas Corpus. (FAP (ECF No. 6).) Since the Government has not shown that Petitioner's re-detention is lawful under 8 C.F.R. § 241.13, this Court grants the Petition and orders release.

**BACKGROUND**

Petitioner, a noncitizen originally from Cuba, is presently in the custody of Immigration and Customs Enforcement ("ICE"). (FAP at 2; Mears Decl. (ECF No. 8-1) ¶¶ 7, 13.) Petitioner was ordered removed by an Immigration Judge in 2004. (Answer (ECF. No. 8) at 2; Mears Decl. ¶¶ 9-12; *Id.* Exs. 1–3, 5.) ICE was unable to effectuate his removal to Cuba, and Petitioner was released under an Order of Supervision in 2007. (FAP ¶ 6). He lived free of immigration custody for 18 years until ICE revoked his

release and re-detained him in October 2025. (*Id*. at ¶¶ 2–3; Mears Decl. ¶ 13.) He has been detained for eight months without successful removal to Cuba.

Respondents filed an Answer to Petitioner's First Amended Petition for Writ of Habeas Corpus, arguing that ICE has been pursuing Petitioner's removal to Mexico and have been unable to effectuate it because of Petitioner's non-compliance. (Answer at 2–3.; Mears Decl. ¶ 19). Petitioner filed a traverse. (Traverse (ECF No. 9).) This Court then issued an Order to Show Cause because Respondents had addressed the incorrect provision; the Court noted that since Petitioner had been released and re-detained, Respondents would need to show that the revocation of his release is warranted under 8 C.F.R. § 241.13(i), which Respondents had not discussed. (Order (ECF No. 10).) Respondents filed a response to the Order but did not address 8 C.F.R. § 241.13(i), and Petitioner filed a Reply. (Resp. (ECF No. 11); Reply (ECF No. 12).)

**DISCUSSION**

Petitioner has established that his re-detention violates 8 C.F.R. § 241.13(i)(2) and is unconstitutional as it amounts to indefinite detention. It is undisputed that Petitioner is subject to a final removal order. As such, ICE has the authority to detain Petitioner to affect his removal as a non-citizen. *See Phan v. Becerra*, No. 2:25-cv-01757-DC-JDP, 2025 WL 1993735, at *3 (E.D. Cal. July 16, 2025); *see also* 8 U.S.C. § 1231. However, Petitioner was previously released from custody after he was already subject to a removal order. (FAP ¶ 2–3; Mears Decl. ¶ 13.) Where a noncitizen subject to a final order of removal has been released, revocation of that release is governed by 8 C.F.R. § 241.13(i). See *Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *3 (E.D. Cal. July 16, 2025).

Respondents assert that Petitioner's present detention is valid under 8 U.S.C. § 1231(a)(6). (Answer at 2.) As discussed in the Court's prior Order and in similar cases, 8 U.S.C. § 1231(a)(6) does not provide a legal basis to revoke a release by re-detaining an individual who was released prior while still subject to a removal order. (Order at 1–2.); *Ciuciu v. Warden*, California City Corr. Ctr., No. 1:26-cv-03274-DJC-

JDP, 2026 WL 1261638, at *1 (E.D. Cal. May 7, 2026). Revocation of release is governed by section 241.13(i)(2), which provides that such revocation is permissible "if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." "[W]hen ICE revokes release to effectuate removal, it is ICE's burden to show a significant likelihood that the alien may be removed." *Vu v. Noem*, No. 1:25-cv-01366-KES-SKO, 2025 WL 3114341, at *5 (E.D. Cal. Nov. 6, 2025) (cleaned up) (quoting *Escalante v. Noem*, No. 9:25-cv-00182-MJT, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025)); *see Nguyen v. Charles*, No. 1:25-cv-01592-TLN-CSK, 2025 WL 3492117, at *3 (E.D. Cal. Dec. 4, 2025). The Court may not, in the first instance, make an individualized finding that a change in circumstances has occurred. *See Hoac*, 2025 WL 1993771, at *3. Where ICE has made a determination that a change of circumstances has occurred, the Court reviews that claim in light of the factors described in 8 C.F.R. § 241.13(f). *See Hoac*, 2025 WL 1993771, at *3. These factors include, but are not limited to:

> [T]he history of the alien's efforts to comply with the order of removal, the history of the Service's efforts to remove aliens to the country in question or to third countries, including the ongoing nature of the Service's efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, and the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question.

8 C.F.R. § 241.13(f).

Here, Respondents have not made any meaningful showing that there is a change in circumstances justifying Petitioner's re-detention. Respondents repeatedly assert that if Petitioner cooperated with his third-country removal to Mexico, ERO would be able to facilitate his removal and execute a removal order within a few days. (Answer at 3; Mears Decl. ¶ 19; Resp. at 2).) As this Court explained in its prior Order, while Petitioner's refusal to consent to removal could be relevant to the analysis, it is

not, on its own, determinative of whether de-detention is permissible. (Order at 3, n. 1.) Moreover, Respondents did not address Petitioner's claims that the Government could not effectuate a lawful removal to Mexico under 8 U.S.C. § 1231(b) as Mexico has not indicated that they would accept him.[1] Nor did they explain how the Government could effectuate removal to Mexico given that Petitioner refuses to consent.[2] Respondents also assert that Petitioner was afforded an informal interview to allow Petitioner to respond to the revocation of his release, but this Court is unable to evaluate the impact of this interview as the Government did not provide any information about the interview's contents. (Answer at 3, 5; *Id.* Ex. 2 (ECF No. 8-2).) While the Court has substantial concerns about Petitioner's troubling criminal history, Respondents offer no further argumentation or evidence to show that a change of circumstance has occurred making removal foreseeable.

Since the Government did not meet its burden to show a significant likelihood that Petitioner may be removed, Petitioner has established that his present detention

////

////

////

---

[1] Petitioner argues that "the threatened third-country removal to Mexico is unlawful for want of statutory process under 8 U.S.C. § 1231(b) and the notice-and-fear-screening the Constitution requires," and asks this Court for safeguards around a potential third country removal. (Traverse at 6-7; 12-15). As the Court is ordering release, it finds that these claims are not within the scope of the present case. The Court notes that any subsequent petition on this issue would not be second or successive.

[2] Courts have noted that that the standing agreement between the United States and Mexico appears premised on Petitioner's compliance and have therefore held removal based on the standing agreement between the United States and Mexico is not reasonably foreseeable when the noncitizen does not consent to the removal. *Ruiz-Acosta v. Cent. Valley Annex*, No. 1:26-cv-04371-DAD-JDP (HC), 2026 WL 1846727, at *3 (E.D. Cal. June 26, 2026) (noting that the "that standing agreement between the United States and Mexico appears to be contingent upon the non-citizens consent to be removed to Mexico" and holding that the Government "failed to indicate what steps" it "has take to effectuate Petitioner's removal" given "petitioner's refusal to sign the notice"); *Arenado-Borges v. Bondi*, No. 2:25-cv-02193-JNW, 2025 WL 3687518, at *4 (W.D. Wash. Dec. 19, 2025) (noting that Petitioner's refusal to willingly be removed to Mexico "cast further doubt" on the "Government's ability to remove" the Petitioner "in the reasonably foreseeable future") (internal citation omitted); *Rodriguez-Fernandez v. Bondi*, No. 2:26-cv-00170-TMC, 2026 WL 445562, at *3 (W.D. Wash. Feb. 17, 2026) (holding Petitioner's detention was indefinite based on Petitioner's "supported" "contention" that "the Mexican government only accepts individuals who *consent* to removal" and the fact that Petitioner "refused to be removed to Mexico and has declined to sign the Notice of Removal") (internal citation omitted).

violates 8 C.F.R. § 241.13(i)(2), that his detention is unlawful, and that release is warranted.[3]

## CONCLUSION

IT IS HEREBY ORDERED that:

1. Petitioner's First Amended Petition for Writ of Habeas Corpus (ECF No. 6) is GRANTED as to Count 5 of the Petition.[4]
2. Respondents are ordered to immediately release Isauro Enrique Llopiz Estrada from their custody. Respondents shall not impose additional restrictions on him than were already present prior to Petitioner's current detention, unless they are determined to be necessary at a future pre-deprivation/custody hearing.
3. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner without a change in circumstances to warrant Petitioner's re-detention.
4. The Clerk is directed to serve California City Detention Facility with a copy of this Order.
5. The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **July 29, 2026**

Daniel J. Calabretta
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC-10-Estrada26cv04120.merits

---

[3] In so finding, the Court does not determine that it is necessarily impossible that Respondents will be unable to show a change of circumstances in the future. But it is Respondents' burden to establish a change in circumstances.

[4] In the interests of judicial economy, the Court declines to address the remaining grounds for relief Petitioner has raised.